Dear Mr. Sims:
This office is in receipt of your opinion request in which you ask if Jefferson Parish Justice of the Peace, Kevin Centanni, is eligible for membership in the Parochial Employees' Retirement System (PERS) and whether Jefferson Parish is required to make contributions to PERS on his behalf, if he elects to join PERS. You stated that Mr. Centanni, after his election in 1996, advised your office and Jefferson Parish that he would like to exercise his option to join PERS.
Regarding compensation of Justices of the Peace and Constables in criminal matters, R.S. 13:2589(A) states:
 § 2589. Compensation of justices of the peace and constables in criminal mattersr
 (A) Justices of the peace and constables shall receive no fees in criminal matters or in peace bond cases, but in lieu thereof they shall receive such salaries as are fixed by the parish governing authority and paid by the parish, which salaries shall be graded.
Per your letter of request, justices of the peace throughout the State have been eligible for membership in PERS pursuant to R.S.11:1902(12)(a)(b) and (13) and 11:1921(A)(3)(a), which state as follows:
 § 1902. Definitions
 (12)(a) "Employee" means any person who is employed as a permanent employee of a parish who works at least twenty-eight hours a week and whose compensation is paid wholly or partly by said parish, but excluding all persons employed by a parish or city school board, and all persons eligible for any other public retirement system in this state.
 (b) "Employee" shall also mean a person employed by either the Police Jury Association of Louisiana, the Louisiana School Boards Association, or this retirement system and elected officials of the governing authority of any parish covered by this Chapter, and shall include members of school boards at their options. In any case of doubt, the board of trustees shall be the sole judge of who is an employee. (Emphasis added.)
At issue is whether a justice of the peace is an "employee" of the parish for purposes of PERS membership. As cited above, in R.S. 11:1902(12)(b), the Board of Trustees is the sole judge of who is considered an "employee". Thus, as the statute specifically gives the Board of Trustees the authority to determine who is an employee, it is our opinion that such determination must be made by the Board. Our office thus must defer this issue to the Board of Trustees for a definitive determination.
Justices of the peace are not eligible for membership in any other public retirement system in this state. Louisiana Constitution Art. 5, § 23(A) provides:
 § 23. Judges; Retirement
 Section 23(A). Retirement System. Within two (2) years after the effective date of this constitution, the legislature shall provide for a retirement system for judges . . .
The legislature has provided no such retirement for justices of the peace. In a recent Supreme Court decision entitled SupremeCourt of Louisiana, 97-0-1921 in re Hayward Cedotal, Justice ofthe Peace, the Supreme Court stated as follows:
 . . . the length and particularity of the list signifies that the legislature's obvious exclusion of justices of the peace was intended. Because the legislature gave such detailed attention to judges and court officers subject to the State Employees Retirement System, it is clear that had the Legislature intended R.S. 11:553 to apply to justices of the peace, it would have included them in the specific and particularized list as well. Further, justices of the peace neither contribute to, nor otherwise participate in, the State Employees Retirement System.
The court went on to find that justices of the peace are not subject to the retirement systems conditions of La. Constitutional Art. 5, § 23, including the mandatory retirement provision therein.
We hope the foregoing sufficiently addresses your concerns. If our office may be of further assistance, please do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ J. RICHARD WILLIAMS Assistant Attorney General
RPI/JRW:bb